## Case No. 697.

### In re BABCOCK.

[1 Woodb. & M. 26.][1]

Circuit Court, D. Massachusetts. Oct. Term, 1845.

BANKRUPTCY — ASSIGNEE MAY CONTINUE LITIGATION—EXPENSES.

1. If a person become a bankrupt, who was interested in land in dispute one tenth, and helped to defend in the suit, the assignee may continue to defend, if the creditors, knowing the fact, do not object, [but] it may be otherwise in commencing disputed suits, unless the creditors assent.

2. The amount of the expense in the defence would be in proportion to his interest, where no contract to pay more had been made by the bankrupt; but if he had agreed to pay more, e. g. one half, and the defence would not be continued without his paying the half, the effects of the bankrupt are liable for that half till an assignee is appointed; and after that, the assignee, as assignee, is liable for the half, if the creditors did not object to a continuance of the defence, and respectable counsel advised it, and the assignee directed it.

[In bankruptcy. In the matter of Samuel H. Babcock, a bankrupt. The assignee ex-

[1] [Reported by Charles L. Woodbury, Esq., and George Minot, Esq.]

cepts to the commissioner's report as to counsel fees and costs.]

In this case, the assignee paid in part, and proposes to pay in full to Charles G. Loring and William Gray, Esq., $396.09 for professional services, which sum, being charged in his account, was objected to by the creditors when the account was presented for settlement. The court therefore referred the matter to George S. Hillard, as commissioner, to examine and report thereon. His report, made at this term, constitutes a part of the case. It recommends, as reasonable and just, the allowance of only one tenth the whole bill of costs against the effects of Babcock. This is placed on the ground, that no express agreement is satisfactorily proved to have been made by the assignee to pay more, and that the interest of the bankrupt in the matter in controversy where the costs arose, was only one tenth. The assignee not acquiescing in this report, and the district judge being interested as a creditor in Babcock's estate, the case came before the circuit judge for hearing and decision at this term. [The claim as made by the assignee was allowed.]

William Gray, for assignee.

Before WOODBURY, Circuit Justice, and SPRAGUE, District Judge.

WOODBURY, Circuit Justice. On the examination of the report of the commissioner, the conclusions formed by him from the facts proved, do not strike me as entirely just. It is conceded that Babcock was interested to the extent of one tenth with others in certain lands, about which a legal controversy arose with third persons. After it had continued some time in charge of Mr. Loring and Mr. Gray, as counsel for all the owners, some of whom had become insolvent, the counsel declined to proceed further, unless the solvent proprietors would become responsible for their services. I infer from the report that this was a responsibility for their future services; and hence if any account arose for services performed prior to that agreement, the estate of Babcock has, I presume, been charged with only one tenth of the amount. The spirit of that agreement should govern, after it was made, till Babcock became a bankrupt. As I understand the report and the acts of the parties subsequent to it, the agreement was, that thenceforward Babcock should pay one half of the fees afterwards becoming due, and his estate probably has been charged with that half till his bankruptcy, deducting any sums paid by him on that account.

The only question here is as to the services performed by counsel after he became a bankrupt. As to those, it is found by the commissioner, that the assignee was advised to enter his appearance and acquiesce in the suit going on, and did right in continuing to make further defence. It is also found, that he was informed of the agreement in rela-

tion to the payment of costs. It does not, to be sure, appear by the commissioner's report, that the assignee expressly stipulated to continue to pay the same proportion as Babcock had; and the claim for it is therefore disallowed by him. But it appears that he did not object to or dissent from that arrangement; and it is clear, that he assented to the further defence of the action for the benefit of the estate, with full knowledge of the agreement. It strikes me that, under such circumstances, it is just and reasonable to infer his acquiescence in the continuance of the payment of one half of the future expenses by Babcock's estate. It seems equitable, also, to charge that estate with one half, as the estate was reaping any advantage likely to arise from a continuance of the defence on the former agreed terms, and without which terms the defence would not be continued. The opportunity thus enjoyed for an expected gain or benefit should not be taken without incurring the charge attached to it. He took it, then, cum onere; nor do I see any thing in the case to show the further defence by the assignee to have been improper, or likely to prove prejudicial to the estate. Nothing of that kind has been pointed out, and it is not to be presumed where the defense, as in this case, was advised by respectable counsel, and is justified by the commissioner.

In England, an assignee cannot commence and prosecute suits in equity so as to charge the estate with costs, unless he previously consults the creditors, and obtains the support of a majority of them. 1 Cooke, Bankr. Law, 292; 1 Atk. 91, 106. But here it was the defence of an old suit in equity, rather than the institution of a new one; and as the commissioner reports in favor of the propriety of the defence, I am not disposed to inquire further into that branch of the question. No objection being taken to the amount of any of the items in the account, the claim as made by the assignee is allowed.

[NOTE. For other cases involving the estate of this bankrupt, see In re Babcock, Case No. 696: Ex parte Winsor, Id. 17,884; and Winsor v. Kendall, Id. 17,886.]